**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4768**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

RASHON DONTE HUNTER,

             Defendant – Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:13-cr-00263-RJC-4)

———————

Submitted:  January 31, 2017        Decided:  February 2, 2017

———————

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashon Donte Hunter pled guilty pursuant to a plea agreement to one count each of conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2012), and possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C) (2012), and was sentenced to 78 months in prison. Hunter's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but suggesting that Hunter's counsel rendered constitutionally deficient performance at sentencing. Hunter has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. We affirm.

Counsel questions whether Hunter received constitutionally ineffective assistance of counsel at sentencing because defense counsel failed to request that Hunter's federal sentence be imposed to run concurrent with any future sentence Hunter might receive on then-pending unrelated state charges. Unless the record conclusively establishes that counsel rendered ineffective assistance, however, such claims are not cognizable on direct appeal. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012). Because the record does not conclusively

2

establish that counsel rendered ineffective assistance at sentencing, we decline to address this claim on direct appeal. Thus, Hunter's arguments are more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. See United States v. Baldovinos, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion as to the merits of Hunter's ineffective assistance of counsel claim.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hunter, in writing, of the right to petition the Supreme Court of the United States for further review. If Hunter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hunter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3